HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHEN K. JACOBS,

    Plaintiff,

 v.

ALABAMA HOUSING FINANCE AUTHORITY D/B/A SERVISOLUTIONS; WASHINGTON STATE HOUSING FINANCE COMMISSION; and DOES 1-20,

    Defendants.

No. 2:20-cv-00240-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on two motions: (1) Defendant Alabama Housing Finance Authority's ("AHFA") Motion to Dismiss, Dkt. # 16; and (2) Defendant Washington State Housing Finance Commission's ("WSHFC") Motion for Judgment on the Pleadings, Dkt. # 17. Plaintiff Stephen K. Jacobs ("Plaintiff") failed to respond to either motion. The Court will address both motions here.

## II. BACKGROUND

WSHFC is an instrumentality of the State of Washington that facilitates programs that offer down payment assistance to home buyers. Dkt. # 17 at 2. Plaintiff participated

ORDER – 1

in WSHFC's down payment assistance program and purchased property at 541 Basil Road, Oak Harbor, WA 98277. Dkt. # 17 at 3; Dkt. # 1-2 at 3. On June 19, 2013, two Deeds of Trust were recorded as security for two mortgage loans for the property. Dkt. # 17 at 3. The first Deed of Trust secured a loan in the amount of $190,486 in favor of lender Guild Mortgage Company ("Guild") with Mortgage Electronic Registration Systems Inc. as the beneficiary. *Id.* The second Deed of Trust secured a loan of $7,619 listed Guild as the beneficiary. *Id.* On October 29, 2013, Guild assigned its interest in the Second Deed of Trust to WSHFC. *Id.* The Assignment was recorded on October 31, 2013.

Plaintiff has since defaulted on his loans. Dkt. # 16 at 4; Dkt. # 17 at 4. On March 5, 2019, a Notice of Default was recorded in the Island County, Washington Recorder's Office. Dkt. # 1-2 at 4. On April 8, 2019, Plaintiff was in default in the amount of $44,613.92 on the first home loan. Dkt. # 17 at 4. A Notice of Trustee's Sale was recorded the following month with a sale date scheduled for August 16, 2019. *Id.* The sale was continued to December 13, 2019. *Id.*

Plaintiff claims that on August 16, 2019 he submitted a complete loan modification application to AHFA, through his "agent" Non-Profit Alliance of Consumer Advocates and requested a single point of contact. *Id.* Plaintiff alleges that he submitted "the 2018 Tax extension," "Debt Validation," and "all documents" to AHFA by September 12, 2019. *Id.* On September 19, 2019, Plaintiff received a letter from AHFA requesting missing documents. *Id.* Plaintiff claims that WSHFC, failed to advise him within 30 days that the Mortgage or Deed of Trust was transferred or assigned to a third party. *Id.*

On December 10, 2019, Plaintiff filed a complaint in Island County Superior Court against AHFA, WSHFC, and Does 1-10. Dkt. # 1-2 at 1. In his complaint, Plaintiff alleges four causes of action: three alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), and one alleged violation of the Truth in Lending

ORDER – 2

Act ("TILA"). *Id.* at 5-9. First, Plaintiff alleges that AHFA failed to assign him a single point of contact in violation of 12 CFR § 1024.40. *Id.* at 5-6. Second, Plaintiff claims that AHFA failed to provide him with a written acknowledgement of the loan modification application in violation of § 1024.41. *Id.* at 7. Third, Plaintiff asserts that AHFA and WSHFC failed to make a determination on his loan modification application within 30 days, also in violation of § 1024.41. *Id.* at 8. Plaintiff seeks damages award of up to $2,000 pursuant to 12 U.S.C. § 2605(f)(1) for these three causes of action. *Id.* at 5-8. In his fourth cause of action, Plaintiff alleges that WSHFC failed to disclose to Plaintiff that it was the new beneficiary of the Deed of Trust within 30 days of the assignment in violation of 15 U.S.C. § 1641(g). *Id.* at 9. Plaintiff alleges that he is entitled to $2,000 in civil penalties pursuant to 15 U.S.C. § 1641(d)(2)(A) for this cause of action. *Id.*

On February 14, 2020, AHFA timely removed this action to this Court. Dkt. # 1. On March 5, 2020, AHFA filed a motion to dismiss for failure to state a claim. Dkt. # 16. Plaintiff did not respond to this motion. On April 3, 2020, WSHFC filed a motion for judgment on the pleadings. Dkt. # 17. Again, Plaintiff failed to respond to the motion. On April 24, 2020, WSHFC filed a reply in support of its motion for judgment on the pleadings, moving the Court to grant the motion for the reasons stated in the motion as well as Plaintiff's failure to oppose it. Dkt. # 19 at 1.

## II.  LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for failure to state a claim. The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl.*

ORDER – 3

*Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, a court typically considers only the contents of the complaint. However, a court is permitted to take judicial notice of facts that are incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials documents attached to the complaint, documents incorporated by reference in the complaint."); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("[I]t is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss.") (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A motion for judgment on the pleadings will be denied unless it appears "beyond doubt" that the non-moving party cannot prove any facts in support of the claim that would entitle the non-moving party to relief. *RLI Ins. Co. v. City of Visalia*, 297 F. Supp. 3d 1038, 1047 (E.D. Cal. 2018), *aff'd*, 770 F. App'x 377 (9th Cir. 2019) (internal quotation and citation omitted).

### III.   DISCUSSION

In its motion to dismiss, AHFA argues that Plaintiff's first cause of action is not a cognizable claim because there is no private right of action under § 1024.40. Dkt # 16 at 8. Indeed, district courts have concluded that "section 1024.40 does not confer upon borrowers a private right of action against lenders." *Harris v. Wells Fargo Bank, N.A.*,

ORDER – 4

No. EDCV16645JGBKKX, 2016 WL 11525309, at *3 (C.D. Cal. Aug. 18, 2016); *see also Schmidt v. PennyMac Loan Servs., LLC*, 106 F. Supp. 3d 859, 871 (E.D. Mich. 2015) ("no private cause of action is available to enforce 12 C.F.R. § 1024.40"); *Brown v. Bank of New York Mellon*, No. 1:16-CV-194(LMB/IDD), 2016 WL 2726645, at *2 (E.D. Va. May 9, 2016) ("With respect to plaintiff's Regulation X claims in Counts II-V, defendants correctly argue that 12 C.F.R. §§ 1024.35, 1024.39, and 1024.40 do not explicitly provide a cause of action to private individuals").  The Court agrees and dismisses this claim against all defendants.

AHFA next argues that while § 1024.41 does authorize a private right of action for borrowers to enforce the provisions of the section pursuant to 12 U.S.C. § 2605(f), Plaintiff did not have such a right under the statute because he failed to state a claim. Dkt. # 16 at 11.  WSHFC makes the same argument. Dkt. # 17 at 6-7.  First, Defendants claim that Plaintiff never submitted a complete loan modification application to trigger the obligations owed under the statute.  Dkt. # 16 at 11; Dkt. # 17 at 6-7.  And second, AHFA and WSHFC contend that Plaintiff failed to allege actual damages caused by the alleged violation of the statute, which is required to state a claim.  Dkt. # 16 at 12; Dkt. # 17 at 7-8.

A complete loss mitigation application must be submitted before a servicer is required to evaluate such an application.  *See Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1009 (11th Cir. 2016) (holding that while a servicer is statutorily required "to evaluate a loss mitigation application within 30 days, this duty is only triggered when the borrower submits a complete loss mitigation application more than 37 days before a foreclosure sale").  In his complaint, Plaintiff states that he submitted various documents in support of his loan application, Dkt. # 1-2 at 4, and subsequently claims he "submitted a completed loan modification application," *id.* at 5.  However, the facts he asserts undermine this statement.  Plaintiff states that he received a letter from AHFA requesting missing documents *after* his submission of documents.  *Id.* at 4.  He does not allege that

ORDER – 5

he ever provided those missing documents.  Without any factual allegations supporting his assertion that he submitted a completed modified loan application, his statement that he did so is purely conclusory.

With respect to AHFA's second argument about damages, the Ninth Circuit has held that plaintiffs must allege "actual damages to the borrower as a result of the failure to comply with any of the provisions [of § 1024.41]." *Flate v. Nationstar Mortg., LLC*, 692 F. App'x 916, 917 (9th Cir. 2017).  The Ninth Circuit in *Flate* ultimately concluded that the district court properly dismissed the claims where plaintiffs "plead nothing more than conclusory allegations that Defendant's alleged violations caused actual damages." *Id.*  Here, Plaintiff merely states that he "seeks a damage aware of actual damages or a civil penalty" but provides no information as to actual damages caused by AHFA's alleged failure to comply with the statute.  Dkt. # 1-2 at 7-8.  For these reasons, the Court dismisses Plaintiff's second and third causes of action against all defendants.

Finally, WSHFC argues that Plaintiff's fourth claim that WSHFC failed to disclose that it was the new beneficiary of the Deed of Trust within 30 days of the assignment in violation of 15 U.S.C.§ 1641(g) is time-barred.  Dkt. # 17 at 8.  Pursuant to 15 U.S.C. § 1640(e) "any action under this section may be brought in any United States district court . . . within one year from the date of the occurrence of the violation."  Here, WSHFC became the beneficiary of the Deed of Trust on October 31, 2013.  Dkt. # 1-2 at 8.  Plaintiff did not file suit until more than six years later.  *Id.* at 1.  This claim is therefore time-barred and is dismissed.

On March 3, 2021, the Court held a hearing to determine the status of representation of Plaintiff.  Dkt. # 23.  Plaintiff's last counsel of record, Ms. Julia Simmons, had filed a pleading on February 26, 2021 following direction of the Court, in which she represented that she no longer represented Plaintiff.  In the proceeding, Ms. Simmons represented that she had terminated her relationship with the Consumer Defense Law Group and has had no contact with them other than a recent telephone call

ORDER – 6

with a person she identified as Donna Gibson of the Consumer Defense Law Group. Ms. Simmons represented that Ms. Gibson told her that her firm had "forgotten" to file a notice of no objection to the dismissal. The absence of certainty of actual notice being provided to Plaintiff by his lawyers is the only reason the Court grants the motion to dismiss without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** AHFA's motion to dismiss without prejudice for 90 days. Dkt. # 16. Thereafter, in the absence of any submission by Plaintiff requiring re-consideration of the dispositive motions, the motion to dismiss will be granted with prejudice and WSHFC's motion for judgment on the pleadings will be **GRANTED**. Dkt. # 17.

DATED this 3rd day of March, 2021.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7